**Ester CHIMBILI, Petitioner,**

v.

**Michael B. MUKASEY [1], Attorney General, Respondent.**

**Nos. 06–2614–ag (L), 06–4456–ag (con).**

United States Court of Appeals, Second Circuit.

Nov. 29, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

Jennifer Oltarsh, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Leslie McKay, Senior Litigation Counsel, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

■ Ester Chimbili, a native and citizen of Angola, seeks review of a May 5, 2006 order of the BIA affirming the September 20, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her motion for reconsideration and reopening. *In re Ester Chimbili*, No. A97 304 424 (B.I.A. May 5, 2006), *aff'g* No. A97 304 424 (Immig. Ct. N.Y. City Sept. 20, 2005). Chimbili also seeks review of the August 29, 2006 order of the BIA denying her motion to reopen and reconsider.[2] *In re Ester Chimbili*, No. A97 304 424 (B.I.A. Aug. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the denial of an alien's motion to reopen or reconsider for abuse of discretion. *See Zhong Guang Sun v. U.S. Dep't of Justice*, 421 F.3d 105, 107 (2d

---

**2.** Because Chimbili's brief does not make any arguments with respect to the BIA's August 29, 2006 decision denying her second motion to reopen and reconsider, we treat this aspect of the petition as waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Cir.2005); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). An abuse of discretion may be found where the agency's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (citations omitted).

The petition's central contention is that the IJ failed to act as an impartial adjudicator, violating Chimbili's due process rights and denying her the opportunity for a fair hearing. *See Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir.2006) ("Overly aggressive, overtly hostile, or sarcastic questioning ... demeans the witness, demeans the government, and demeans the judicial system."). Although not pointing us to any examples in the record, Chimbili's brief asserts that the IJ cross-examined her in a "prosecutorial" tone, prevented her from explaining herself, and discredited her testimony without first affording it due consideration.

Due process requires that an applicant receive a full and fair hearing that provides a meaningful opportunity to be heard. *See Li Hua Lin v. U.S. Dept. of Justice*, 453 F.3d 99, 104–05 (2d Cir.2006). It does not require the immigration judge to remain a passive bystander to the proceedings. *See* 8 U.S.C. § 1229a(b)(1) (providing that an "immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses"); *Islam*, 469 F.3d at 55 ("[A]n IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record.").

■ In marked contrast to the cases on which it relies, the petition does not raise any "substantial questions as to [the IJ's] apparent bias against and hostility toward ... petitioner." *See Guo–Le Huang v. Gonzales*, 453 F.3d 142, 150 (2d Cir.2006). Although the IJ interposed questions at various points during the hearing, we see no evidence in the record to suggest he was biased against Chimbili, prevented her from testifying, or otherwise deprived her of the right to be heard. To the contrary, the IJ permitted Chimbili to elaborate even after her direct examination had concluded and gave her several opportunities to explain the obvious discrepancies between her testimony at the hearing and the accounts she had previously given in connection with her application for refugee status in Canada.

■ Aside from the assertion that the IJ was biased against her, Chimbili does not appear to challenge the decision to deny her motion on the merits. To the extent she does raise such a challenge, we are not persuaded. The BIA's decision to affirm noted the IJ's finding that the evidence submitted in support of Chimbili's motion was either previously available to her or else could have been discovered prior to her hearing, and that such evidence did not address the major inconsistencies that supported the IJ's adverse credibility determination. These were proper grounds to deny her motion. *See Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.