**WEI MEI XIA, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–1709–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

Zhou . Wang (Theodore N. Cox on the brief), New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director; Leah V. Durant, Office of Immigration Litigation, Civil Division, Virginia Lum, Office of Immigration Litigation, Civil Division, Washington, D.C., for respondent.

PRESENT: ROGER J. MINER, CHESTER J. STRAUB and RICHARD C. WESLEY, *Circuit Judges.*

Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner, Wei Mei Xia, a native and citizen of the People's Republic of China, seeks review of the March 13, 2008 order of the Board of Immigration Appeals ("BIA") affirming the May 9, 2005 decision of the Immigration Judge ("IJ"). The IJ pretermitted Petitioner's application for asylum, and denied his application for withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as in this case, the BIA agrees with the IJ's conclusion that Petitioner is not credible, this Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005) (*per curiam*). We review the IJ's findings of fact, including adverse credibility determinations, under the substantial evidence standard. *Gao v. BIA*, 482 F.3d 122, 126–27 (2d Cir.2007). The scope of this Court's review under the substantial evidence test is "exceedingly narrow," *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted), and "particular deference" should be given to an IJ's conclusion regarding credibility. *Montero v. INS*, 124 F.3d 381, 386 (2d Cir.1997). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

The IJ's denial of Petitioner's application for withholding of removal and CAT relief is supported by substantial evidence. *See Wang v. Ashcroft*, 320 F.3d 130, 134, 144 (2d Cir.2003). Regardless of the centrality of the discrepancies and omissions identified in Xia's testimony, the IJ was

entitled to rely on their cumulative effect. *Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Given the inconsistencies in Xia's testimony and the conclusory nature of his assertions that he would be persecuted if returned to China, he has not satisfied the CAT standard, which requires that he demonstrate that he will more likely than not be tortured upon his return to China. *Id.* The only evidence that Xia was likely to be persecuted or tortured depended upon his credibility. Therefore, the adverse credibility determination precludes success on his claim for withholding of removal and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

Xia argues that the IJ exhibited bias, which deprived him of a full and fair hearing in violation of his due process rights. A review of the record reveals that Xia's due process claim is unsubstantiated. The IJ's questions and comments were an appropriate means of developing the record. 8 U.S.C. § 1229a(b)(1); *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir.2006); *Chimbili v. Mukasey*, 255 Fed.Appx. 587, 589 (2d Cir. 2006).

We have considered the remaining issues raised by Petitioner and find them to be without merit.

For the foregoing reasons, the petition for review is **DENIED.** Any stay of removal that the Court previously granted in this petition is **VACATED,** and any pending motion for a stay of removal in this petition is **DISMISSED.**